UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATES OF MARYLAND, NEW JERSEY, NEW YORK, TENNESSEE, TEXAS, AND THE CITY OF NEW YORK *ex rel.* SCOIF LLC,<br><br>      Plaintiffs,<br><br>    v.<br><br>COMMUNITY OPTIONS, INC. and COMMUNITY OPTIONS OF NEW YORK, INC.,<br><br>      Defendants. | 20 Civ. 4684 (VEC) |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Intervenor,<br><br>    v.<br><br>COMMUNITY OPTIONS, INC. and COMMUNITY OPTIONS NEW YORK, INC.,<br><br>      Defendants. | 20 Civ. 4684 (VEC) |

**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR**

  WHEREAS, this Stipulation and Order of Settlement and Release ("Relator Settlement Stipulation") is entered into between plaintiff the United States of America (the "United States" or "Government"), by its attorney, Matthew Podolsky, Acting United States Attorney for the Southern District of New York, and *qui tam* relator SCOIF LLC ("Relator" and together with the United States, "the Parties"), through its counsel;

WHEREAS, on or about June 15, 2020, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the New York False Claims Act ("NYFCA"), N.Y. State Fin. Law § 187, *et seq.*, alleging, *inter alia*, that Defendants violated the FCA and NYFCA by submitting claims to Medicaid for the provision of Day Habilitation services that failed to meet applicable requirements (the "Relator Action");

WHEREAS, the United States has filed a Complaint-in-Intervention ("Government Complaint") asserting claims against Defendants alleging that from January 1, 2017 through September 13, 2024 (the "Covered Period"), Defendants violated the FCA by knowingly: (1) submitting and/or causing the submission of false claims for payment to the New York Medicaid Program for the provision of Day Habilitation services that failed to comply with one or more OPWDD Requirements concerning the delivery and documentation of such services; and (2) improperly avoiding the return of certain payments for claims submitted to the New York Medicaid Program associated with Day Habilitation services.  The conduct described in this paragraph is the "Covered Conduct" for purposes of this Relator Settlement Stipulation;

WHEREAS, the United States and Defendants have entered into a Stipulation and Order of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendants have agreed to pay the United States the sum of $2,148,540.37 plus interest which shall be compounded annually at a rate of 4.65% accruing from December 12, 2024, to the date of the payment (the "Settlement Amount"), to resolve the claims of the United States against Defendants for the Covered Conduct;

2

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), Relator is entitled to receive a portion of the Settlement Amount (the "Relator's Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final settlement of the Relator's Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.      Contingent upon receipt by the United States of the payment due to the United States pursuant to Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o Brian McCormick, Villari, Giannone & Matteo, P.C., as attorney for Relator ("Relator's Counsel"), nineteen percent (19%) of such payment in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of such payment. The obligation to make such payment to Relator is expressly conditioned on, and only arises with, the receipt by the United States of the payment required by Paragraph 3 of the Settlement Agreement. In the event that Defendants fail to make the payment required by the Settlement Agreement, the United States shall have no obligation to make a payment to Relator.

2.      Relator, for itself, its successors, attorneys, members, agents and assigns agrees and confirms that the Settlement Agreement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share of the Settlement Amount set forth in Paragraph 1 above, and upon payment thereof, Relator, for itself, its successors, attorneys, members, agents and assigns fully and finally releases, waives, and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator Action or the Government Complaint.

4. This Relator Settlement Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Settlement Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Settlement Stipulation is null and void.

6. This Relator Settlement Stipulation, together with all of the obligations and terms hereof, shall inure to the benefit of and shall be binding only on the Parties, their successors and assigns.

7. This Relator Settlement Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Settlement Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Settlement Stipulation and may not be changed,

altered, or modified except by a written agreement signed by the Parties specifically referring to this Relator Settlement Stipulation.

9. This Relator Settlement Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Settlement Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Settlement Stipulation, this Relator Settlement Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Agreed to by:

**THE UNITED STATES OF AMERICA**

Dated: New York, New York
March 25, 2025

                        MATTHEW PODOLSKY
                        Acting United States Attorney for the
                        Southern District of New York

By: _____
                        David E. Farber
                        Assistant United States Attorney
                        86 Chambers Street, Third Floor
                        New York, New York 10007
                        (212) 637-2772
                        *Attorney for the United States of America*

**RELATOR**

Dated: __Pittsburgh__, Pennsylvania
      March 14, 2025

                                    SCOIF LLC

                                    Michael Carnicella
                                    *Sole Member*

Dated: Conshohocken, Pennsylvania
      March 14, 2025

                                    VILLARI, GIANNONE & MATTEO, P.C.

                        By:                          
                                    Brian McCormick
                                    161 Washington Street, Suite 401
                                    Conshohocken, PA 19428
                                    Tel.: (215) 687-7965
                                    bmccormick@villarilaw.com
                                    *Attorney for Relator*



SO ORDERED:

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

Dated: _____March 26_____, 2025